914 F.2d 255
 134 L.R.R.M. (BNA) 2328
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AIRSTREAM, INC., Petitioner--Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent--Cross-Petitioner.
 Nos. 88-5431, 88-5568.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1990.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges; and JOINER Senior District Judge.*
 
 JUDGMENT
 
 2
 THIS CAUSE came on to be heard upon a petition filed by Airstream, Inc., to review an order of the National Labor Relations Board issued against said Petitioner, its officers, agents, successors, and assigns, on March 25, 1988, and upon a cross-application filed by the National Labor Relations Board to enforce said Order. The Court heard argument of respective counsel on February 9, 1989, and has considered the briefs and transcript of record filed in this cause. On June 19, 1989, the Court being fully advised in the premises, handed down its opinion granting in part and denying in part enforcement of the Board's Order and remanding the case to the Board for further proceedings consistent with the Court's opinion. In conformity therewith, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that Petitioner, Airstream, Inc., Jackson Center, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Promising, announcing, or granting benefits or other improvements in terms and conditions of employment, or redressing grievances, to discourage support for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), or any other labor organization; provided, however, that nothing herein shall be construed as requiring Petitioner to vary or abandon any economic benefit or any term or condition of employment which it has heretofore established.
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 6
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act.
 
 
 7
 (a) Post at its Jackson Center, Ohio plant copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8 of the National Labor Relations Board (Cleveland, Ohio), after being signed by the Petitioner's authorized representative, shall be posted by the Petitioner immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Petitioner to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 8
 (b) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment what steps the Petitioner has taken to comply.
 
 
 9
 It is further ORDERED AND ADJUDGED by the Court that the case is remanded to the Board for further proceedings consistent with the Court's opinion.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 10
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 11
 APPEALS ENFORCING IN PART, DENYING ENFORCEMENT IN
 
 PART AND REMANDING IN PART AN ORDER OF
 THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 12
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 13
 WE WILL NOT promise, announce, or grant benefits or improvements in terms and conditions of employment, or remedy grievances, to discourage support for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), or any other labor organization; provided, however, that nothing herein requires us to vary or abandon any economic benefit or improved term or condition of employment which we have heretofore established.
 
 
 14
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 15
 AIRSTREAM, INC.
 
 
 16
 /s/ (Employer)
 
 
 17
 This is an official notice and must not be defaced by anyone.
 
 
 18
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Anthony J. Celebreeze Federal Building, 1240 E. 9th Street, Room 1695, Cleveland, Ohio 44199, Telephone 216-522-3733.
 
 
 
 *
 The Honorable CHARLES W. JOINER, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation